IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**Terrence Benshay Robinson**,

    Petitioner,

v.

**Charles Williams, Warden,**

    Respondent.

Civil No.: 2:15CV97
(JUDGE BAILEY)

## REPORT AND RECOMMENDATION

This case is before the undersigned for consideration of *pro se* Petitioner Terrence Benshay Robinson's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Respondent's Motion and Memorandum to Dismiss or, in the Alternative, for Summary Judgement and Response to Order to Show Cause, and Petitioner's Response in Opposition to Respondent's Motion.

### I. Procedural History

On December 14, 2015, Petitioner filed a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). On December 14, 2015, Petitioner was sent a Notice of General Guidelines for Appearing *Pro Se* in Federal Court. (ECF No. 2). On December 14, 2015, Petitioner was sent a Notice of Deficient Pleading because Petitioner failed to either (1) pay the filing fee or (2) file the correct forms to be considered *in forma pauperis*. (ECF No. 3). On January 26, 2016, the $5.00 Habeas Corpus Filing Fee was entered, satisfying the requirements of the Notice of Deficient Pleading [ECF No. 3]. (ECF No. 7).

1

On February 22, 2016, the undersigned ordered Respondent to show cause as to why the writ should not be granted. (ECF No. 9).

On March 1, 2016, Respondent answered with a Motion to Dismiss or, in the Alternative, for Summary Judgement and Response to Order to Show Cause and Memorandum in Support of Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause. (ECF Nos. 11 and 12). A Roseboro Notice was issued to the Petitioner by the undersigned on March 2, 2016, pursuant to Roseboro v. Garrison, 528 F. 2d 309, 310 (4th Cir. 1975), instructing Petitioner of his rights to file a response to Respondent's Motion and Memorandum. (ECF No. 13). Petitioner filed a Response in Opposition to Respondent's Motion and Memorandum on March 21, 2016. (ECF No. 15).

## II.  Facts

On November 20, 2006, Petitioner was arrested by state authorities in Michigan on a bench warrant issued for a state probation violation. (ECF No. 12). On December 14, 2006, Petitioner was sentenced to a 16 to 120 month term of imprisonment by the State of Michigan. Id. Petitioner paroled from the state term of imprisonment on June 4, 2009, but returned to state custody on May 18, 2010, as a parole violator. Id. Petitioner was paroled from the state term on February 15, 2011. Id. On December 19, 2011, Petitioner was arrested by Michigan State Police on a Parole Violation from a state conviction. Id. Petitioner's parole was revoked and the previously imposed state sentence continued. Id. On May 15, 2012, Petitioner was borrowed by the Bureau of Alcohol Tobacco, and Firearms via a writ of habeas corpus ad prosequendum (hereinafter "WHCAP"). Id. On December 11, 2012, Petitioner was sentenced by the

United States District Court for the Eastern District of Michigan to a term of imprisonment of 84 months for Felon in Possession of a Firearm. Id. The federal term was ordered to run concurrent with the state term. Id. Petitioner was thereafter returned to the Michigan state authorities, via return writ, to complete his state parole violation term. Id. Petitioner was released by Michigan state authorities on parole on March 12, 2013, and was taken into federal custody for service of his federal sentence. In the Petitioner's case, a *nunc pro tunc* designation was made and therefore Petitioner's federal sentence is deemed to have commenced at the earliest date possible, December 11, 2012, the date the federal sentence was imposed. Id. All of the time Petitioner spent in custody prior to the imposition of his federal sentence has been credited by the state against his state sentence, including the time period Petitioner seeks credit against his federal sentence for, December 19, 2011, the date of his arrest for possessing a firearm which resulted in the federal charges, to December 11, 2012, when his federal sentenced commenced. Id. Petitioner's projected release date, the date on which he will complete serving his federal sentence with consideration for good conduct time, is January 15, 2019. Id. Prior to the commencement of this action, Petitioner properly exhausted his administrative remedies. Id. Petitioner has not been awarded any prior custody credit against his federal sentence. Id.

### III. The Pleadings

**A. The Petition**

Petitioner makes the following claim in his petition: "Federal Bureau of Prisons unlawfully denied me credit for time served in state prison. I was taken into custody on Dec 19, 2011 [sic] and sentenced on Dec 11th, 2012 [sic]. I didn't receive any time

credited from Dec 19th, 2011 [sic] to Dec 11th, 2012 [sic]." (ECF No. 1). In relation to the prison's internal grievance procedure Petitioner stated, "It was found that my sentence was computed as directed by federal statute and applicable Bureau of Prison's policy. So therefor [sic] my appeal was denied." Id. In relation to the whether the Petitioner presented his claim to the Bureau of Prisons or other federal agency for administrative action, the Petitioner checked the "Yes" box and stated, "It was found that my sentence was computed as directed by federal statue and applicable Bureau of Prison's policy. So therefor [sic] my appeal was denied." Id. Petitioner asked for relief as to the following: "To Grant [sic] petitioner's [sic] Motion to Correct Sentence by a Federal Prisoner Pursuant to 28 U.S.C. § 2241, and order the B.O.P. to correct the procedurally improper failure to apply the 'Willis' credits, so that the new computation sheet reflects the reduction of "Willis" pre-sentencing credits from December 19, 2011 to December 11, 2012." Id.

**B. Respondent's Motion and Memorandum**

Respondent filed a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment and Response to Order to Show Cause. (ECF No. 11). Respondent also filed a Memorandum in Support of the Motion to Dismiss or, in the Alternative, for Summary Judgment and Response to Order to Show Cause. (ECF No. 12). In the Memorandum in Support of the Motion to Dismiss or, in the Alternative, for Summary Judgment and Response to Order to Show Cause the Respondent makes two arguments. Id.

First, Respondent argues that the federal sentence commenced on December 11, 2012. Id. The crux of the Respondent's first argument is that "[a] federal sentence

4

cannot commence prior to the date it is pronounced. Consequently, when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served." Id. (quoting U.S. v. McLean, 867 F.2d 609 (4th Cir. 1989) (unpublished)). Respondent acknowledges that a prisoner's federal sentence may commence prior to the prisoner's arrival at a federal facility for a federal sentence. Id. The BOP has the authority to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(b). Respondent points to U.S. v. Evans, which sets out that a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General of the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." Id. (quoting U.S. v. Evans, 159 F.3d 908, 911-912 (4th Cir. 1998)). Respondent concludes by stating by acknowledging that petitioner received a *nunc pro tunc* designation, and the Petitioner's federal sentence began at the earliest possible date, "December 11, 2011." (ECF No. 12). The Court recognizes that this was a typographical error on the part of the Respondent and that the Respondent meant to state December 11, 2012.

Second, Respondent argues that the Petitioner is not entitled to prior custody credit. In support of Respondent's argument, Respondent points to 18 U.S.C. 3585(b) which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. 3585(b).

Respondent then follows by citing three cases regarding 18 U.S.C. 3585(b). (ECF No. 12.) The Respondent first cites United States v. Wilson, which found, "Congress made clear that a defendant could not receive a double credit for his detention time." Id. (quoting United States v. Wilson, 503 U.S. 329, 337, 112 S. Ct. 1351, 1356, 117 L. Ed. 593 (1992)). Respondent next cites U.S. v. Brown, which sets out, "Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence." Id. (quoting U.S. v. Brown 977 F.2d 574 (4th Cir. 1992)). Lastly, Respondent cites U.S. v. Golden, which states, "credit is only available for time spent in custody which has not been credited against another sentence." Id. (quoting U.S. v. Golden, 54 F.3d 774 (4th Cir. 1995)). Respondent concludes his argument by finding that the time the Petitioner spent in custody prior to his federal sentence, being December 19, 2011 to December 11, 2012, was credit against his state sentence and therefore he is not entitled to any prior custody credit. Id. Respondent then asked the Court to deny Petitioner's request for relief because Petitioner's sentence has been correctly calculated. Id.

**C. Petitioner's Response**

Petitioner claims that he qualifies for Willis credits because, "[p]etitioner was paroled to his federal detainer, and since parole is a part of the sentence imposed by the state court the respondent [sic] was incorrect when they [sic] stated, in their footnote, that he [sic] was ineligible for Willis credit because his 'state sentence ran without interruption . . . ."

6

## IV. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable," Id. Therefore, in order for a complaint to survive

7

dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of

8

summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## V. Analysis

### A. Primary Jurisdiction

A WHCAP is a "…mere loan [of] the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute criminalizing escape from federal custody." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008). A jail sentence does not begin to run when a prisoner is under the custody of a WHCAP. See Thomas v. Whalen, 962 F.2d 358, 360-61 (4th Cir. 1992); see also United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (finding that under writ, primary jurisdiction over the prisoner remained with the state until state authorities relinquished the prisoner to federal custody on satisfaction of the state obligation). Thus, the primary jurisdiction of a prisoner, state or federal, does not change when he or she is under a WHCAP.

Here, the Petitioner was borrowed on a WHCAP on May 15, 2012. (ECF No. 12). Therefore, he remained in state custody from the time of his arrest until he was paroled on March 12, 2013. Id.

### B. Sentence Calculation

"A federal sentence cannot commence prior to the date it is pronounced. Consequently, when a federal sentence is ordered to run concurrently with a sentence

9

being served, it can only run concurrently with that part of the prior sentence remaining to be served." McLean, 867 F.2d 609. The Bureau of Prisons ("BOP"), on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). The BOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

In Wilson, the Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337. Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. See United States v. Brown, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); United States v. Goulden, 54 F.3d 774, 1995 WL 298086 (4th Cir. May 17, 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

Here, Petitioner was serving his state sentence at the time his federal sentence was entered on December 11, 2012. While the federal sentence was to run concurrently with the state sentence, under U.S.v. McLean, *supra*, the federal sentence could not

10

begin to run concurrently until December 11, 2012. The BOP has correctly calculated the federal term of imprisonment because, under 18 U.S.C. § 3585(b)(2), the Petitioner was receiving credit for his state sentence. To find otherwise would be a violation of Wilson, Brown, and Goulden in that the Petitioner would receive double credit for his detention time.

Petitioner claims that he is entitled to "Willis credits." (ECF No. 1). However, Willis is not applicable to the Petitioner's case. The time being served prior to sentencing is credited to the sentence imposed by the jurisdiction that is holding the prisoner. See Willis v. U.S., 438 F.2d 923, 925 (5th Cir. 1971). In Willis, the defendant was on federal bail when arrested on October 31, 1968. Id. His federal bail was revoked and bail on the state charge was precluded by the federal detainer. Id. Willis was sentenced at the federal level on November 29, 1968. Id. Willis was sentenced at the state level on December 10, 1968. Id. The state sentence was to run concurrent with the federal sentence. Id. Willis was held on federal charges as a result of his federal bail being revoked from October 31, 1968, to December 10, 1968. Id. It was on December 10, 1968, when Willis started his concurrent state sentence.

Here, Petitioner was free on state parole prior to his arrest. (ECF No. 12). Petitioner was arrested on December 19, 2011, and was taken into state custody for a parole violation. Id. When Petitioner was borrowed by the Bureau of Alcohol Tobacco, and Firearms via a WHCAP, Petitioner was still in state custody. Petitioner remained in state jurisdictional custody until December 11, 2012, when Petitioner was sentenced in United States District Court for the Eastern District of Michigan to a term of imprisonment of 84 months to run concurrently with that state term. Id. From the day of

11

Petitioner's sentencing on December 11, 2012, to March 12, 2013, the Petitioner was in state custody serving a state sentence, even if the clock on the federal sentence had started. On March 12, 2013, Petitioner was released from state custody and was taken into federal custody for service of his federal sentence. Id.

What differentiates Willis from the Petitioner, is that Willis received credit from October 31, 1968, to December 10, 1968, because he was prevented from making bail as a result of his federal detainer. The federal detainer stopped his release upon his arrest. Petitioner, on the other hand, was stopped from release as a result of a state parole violation. The state parole violation prevented the Petitioner from being released. The indictment for the federal charge of Felon in Possession of a Firearm was not handed down until April 18, 2012. (United States District Court for the Eastern District of Michigan Southern Division, Case No. 4:12CR20244, ECF No. 1). U.S. v. McLean, states that, "A federal sentence cannot commence prior to the date it is pronounced." McLean, 867 F.2d 609. Further, Petitioner is unable to meet either of the requirements under 18 U.S.C. 3585(b) which governs prior custody credit. Therefore, Petitioner is not entitled to relief under Willis.

## IV.    Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's "Motion to Dismiss or, in the Alternative, for Summary Judgment" **[ECF No. 11]** be **GRANTED**, and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections

12

identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

      The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

DATED: 6-17-2016

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE