# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**TERRENCE BENSHAY ROBINSON,**

      Petitioner,

v.                                           **CIVIL ACTION NO. 2:15-CV-97 (BAILEY)**

**CHARLES WILLIAMS, Warden,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi [Doc. 16]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on June 17, 2016, wherein he recommends this Court grant the respondent's motion to dismiss or for summary judgment, and deny and dismiss the petitioner's § 2241 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

1

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on June 22, 2016. [Doc. 17]. Petitioner timely filed his Objection on July 1, 2016. [Doc. 18]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

**I.     BACKGROUND**

According to the petitioner's records with the Bureau of Prisons ("BOP") [*See* Doc. 12-1], the petitioner was arrested on November 20, 2006, by state authorities in Michigan on a bench warrant issued for a state probation violation. On December 14, 2006, the petitioner was sentenced to a 16- to 120-month term of imprisonment by the state of Michigan. The petitioner paroled from the state term of imprisonment on June 4, 2009, but returned to state custody on May 18, 2010, as a parole violator. The petitioner was paroled from the state term on February 15, 2011. On December 19, 2011, the petitioner was arrested and taken into custody by Michigan State Police for being in possession of a firearm in violation of his parole. The petitioner's parole was revoked, and the previously imposed state sentence continued. On May 15, 2012, the petitioner was borrowed by the Bureau of Alcohol, Tobacco, and Firearms, via a writ of habeas corpus ad prosequendum ("WHCAP"). On December 11, 2012, the petitioner was sentenced in the United States District Court for the Eastern District of Michigan to a term of 84 months' imprisonment for Felon in Possession of a Firearm. The federal term was ordered to run concurrent with the

state term. The petitioner was thereafter returned to the Michigan state authorities, via return writ, to complete his state parole violation term. The petitioner was released on parole by Michigan state authorities on March 12, 2013, and then taken into federal custody to serve his federal sentence.

In the petitioner's case, a *nunc pro tunc* designation was made, and therefore his federal sentence is deemed to have commenced at the earliest date possible–December 11, 2012, the date when his federal sentence was imposed. All of the time the petitioner spent in custody prior to the imposition of his federal sentence has been credited by the state against his state sentence, including the time period for which the petitioner seeks credit against his federal sentence–December 19, 2011, the date of his arrest for possessing a firearm, which resulted in federal charges, to December 11, 2012, the date on which his federal sentence commenced.

The petitioner's projected release date, the date on which he will complete serving his federal sentence with consideration for good conduct time, is January 15, 2019. Prior to the commencement of this action, the petitioner properly exhausted his administrative remedies. The petitioner has not been awarded any prior custody credit against his federal sentence.

On December 14, 2015, the petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("§ 2241"). [Doc. 1]. Therein, the petitioner claims that the federal BOP "unlawfully denied [him] credit for time served in state prison," and that he did not receive any time credited from December 19, 2011, the date he was taken into custody, to December 11, 2012, the date he was sentenced in federal court. Regarding the prison's internal grievance procedure, the petitioner states that his appeal was denied because "it

was found that [his] sentence was computed as directed by federal statute and applicable [BOP] policy." The petition also indicates that the petitioner presented his claim to the BOP or other federal agency for administrative action, but that appeal was denied because "it was found that [his] sentence was computed as directed by federal statute and applicable [BOP] policy." As relief, the petitioner requests that his petition be granted and the BOP ordered to correct the "procedurally improper failure to apply the 'Willis' credits, so that the new computation sheet reflects the reduction of 'Willis' pre-sentencing credits" from December 19, 2011, to December 11, 2012.

Following a February 22, 2016, Order to Show Cause [Doc. 9], the respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment and Response to Order to Show Cause. [Doc. 11]. In the accompanying Memorandum in Support [Doc. 12], the respondent argues first that the petitioner's federal sentence commenced on December 11, 2012, as a federal sentence cannot commence prior to the date it is pronounced. Here, as a result of the petitioner's *nunc pro tunc* designation, his federal sentence began at the earliest possible date–December 11, 2012. The respondent continues by arguing that the petitioner is not entitled to prior custody credit because all of the time the petitioner spent in custody prior to the imposition of his federal sentence has been credited by the state against his state sentence, which includes the time period for which the petitioner seeks credit. To give the petitioner credit for the period of time from December 19, 2011, to December 11, 2012, would in effect give the petitioner double credit for his detention time, in violation of **United States v. Wilson**, 503 U.S. 329 (1992). After noting that the petitioner is not entitled to any credit under **Willis v. United States**, 438 F.2d 923 (5th Cir.

4

1971), because *Willis* does not provide for the application of prior custody credit once any sentence, state or federal, commences, the respondent concludes that the petitioner's federal sentence is deemed to have commenced on the date on which it was imposed, that the petitioner is not entitled to any prior custody credit, and that because the petitioner's federal sentence was correctly calculated, his request for relief must be denied.

In response [Doc. 15], the petitioner first objects to the respondent addressing *Willis* credits in a footnote, and then avers that he does, in fact, qualify for *Willis* credits because he "was paroled to his federal detainer, and . . . parole is [part] of the sentence imposed by the state court."

On June 17, 2016, Magistrate Judge Aloi filed the instant R&R [Doc. 16], recommending that this Court deny and dismiss with prejudice the petitioner's § 2241. In so recommending, the magistrate judge first asserts that the petitioner remained in state custody from the time of his arrest until he was paroled on March 12, 2013. He then explains that granting the petitioner's requested relief would result in the petitioner receiving double credit for his detention time in violation of United States Supreme Court and Fourth Circuit precedent. Magistrate Judge Aloi also addresses the petitioner's concern with *Willis* credits, and expounds upon why *Willis* is not applicable to the petitioner's case–specifically, because the petitioner's release was prevented by his state parole violation rather than a federal detainer, as was the case in *Willis*, and his federal sentence did not commence until the date it was pronounced, which was December 11, 2012. Regarding *Willis*, the magistrate judge also notes that the petitioner is unable to meet either of the requirements under 18 U.S.C. § 3585(b), which governs prior custody credit.

5

For these reasons, the magistrate judge recommends that the petitioner's requested relief be denied.

On July 1, 2016, the petitioner filed his Objection. [Doc. 18].

## II. DISCUSSION

In his objection, the petitioner first avers that his state and federal sentences ran together "once he was released on parole, and turned over to the custody of the BOP," and thus that it "would only be fair to allow it to run together in the pre-trial setting where the federal government has placed a detainer against him." He continues by noting the magistrate judge's position that he cannot receive credit for state and federal sentences at the same time, and that his sentence cannot begin until the date the sentence is pronounced. To this, the petitioner objects and "maintain[s] the same position in his response to the BOP's response to his petition."

In reviewing that to which the petitioner objects, it is apparent that the petitioner misunderstands the nature of the circumstances that occurred between December 19, 2011, and December 11, 2012. On December 19, 2011, the petitioner was arrested on a parole violation from a state conviction. At that time, his state sentence had not yet concluded; he simply was out of custody on parole. When he was incarcerated on December 19, 2011, his state sentence continued. On May 15, 2012, the petitioner was borrowed by the Bureau of Alcohol, Tobacco, and Firearms, via a writ of habeas corpus ad prosequendum. What this meant was that the petitioner was placed temporarily in the custody of the United States Marshal for the purposes of adjudicating the state parole violation, and that specific violation was a federal offense–Felon in Possession of a Firearm. Because his state parole violation was a federal offense, he was prosecuted by

6

the federal government but required a federal detainer for this to take place. Importantly, in the context of determining whose custody a particular defendant is in, a "federal detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law." **Thomas v. Whalen**, 92 F.2d 358, 359 (4th Cir. 1992). Thus, for the duration of his federal detainer during which he was in the custody of the United States Marshal, the petitioner was still receiving credit for his state sentence because the state sentence was not yet fully served and because he did not yet have a federal sentence for which to receive credit. The petitioner received his federal sentence on December 11, 2012, and was thereafter returned to state custody. When he returned to state custody, he had not only the remainder of his state sentence to serve but also a federal sentence to serve. These sentences were to run concurrently. Therefore, while continuing to serve his state sentence in state custody from December 11, 2012, on, he was receiving credit toward his 84-month federal sentence. He could not have received this credit toward his federal sentence until the federal sentence was imposed on December 11, 2012, which was in fact the case due to the *nunc pro tunc* designation.

The only way the petitioner could receive federal credit for time served in official detention prior to December 11, 2012, would be if he qualified for prior custody credit pursuant to 18 U.S.C. § 3585(b). However, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit toward another sentence. *See* 18 U.S.C. § 3585(b); **United States v. Brown**, 977 F.2d 574 (Table), 1992 WL 237275 (4th Cir. 1992); **United States v. Goulden**, 54 F.3d 774 (Table), 1995 WL 298086 (4th Cir. 1995). At the time that the petitioner's federal sentence was imposed, his time already

7

served in detention had been credited toward his as yet incomplete state sentence. Because his time spent in custody prior to December 11, 2012, had already been credited against another sentence, it could not and cannot be credited toward his federal sentence. Moreover, *Willis* does not apply to the petitioner's case because his December 19, 2011, arrest was for violating state parole for a state conviction, and the time he served from then until December 11, 2012, was credited toward his state sentence pursuant to the same state conviction. As such, this Court finds that the BOP correctly calculated the petitioner's federal sentence pursuant to 18 U.S.C. § 3585(b), as explained in ***United States v. Wilson***, 503 U.S. 329 (1992), and that the petitioner is not entitled to credit toward his federal sentence for his time in state custody prior to December 11, 2012. Accordingly, the petitioner's objection is **OVERRULED**.

## III. CONCLUSION

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 16]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Further, petitioner's Objection **[Doc. 18]** is **OVERRULED**. Accordingly, the respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment and Response to Order to Show Cause **[Doc. 11]** is hereby **GRANTED**, and the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: July 21, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE